DONALD McRAE v. GEORGE T. SHAFFER, COMMISSIONER
OF THE STATE LAND-OFFICE.

*Swamp lands—Appropriation by Legislature—Constitutional law—
Minimum price—Discretion of Commissioner of State
Land-Office.*

1. The power of the Legislature over the disposition of the swamp lands granted to the State by the act of Congress is plenary, and no one can call their acts in question except the Congress of the United States.

2. Act No. 277, Laws of 1887, which appropriates State swamp lands in Bois Blanc island for the purpose of constructing a State road along or near the principal base line of said island, and which was passed by less than a two-thirds vote of the members elect, is not in violation of article 4, section 45, of the Constitution, which provides that "the assent of two-thirds of the members elected to each house of the Legislature shall be requisite to every bill appropriating the public money or property for local or private purposes," the construction of a State road not being a local or private purpose within the meaning of said section.

3. Establishing a minimum price for State land implies that a greater price may be asked; and it would be a breach of official duty if the Commissioner of the State Land-Office should sell such lands at private sale at such minimum price, when he knew they were worth double that amount.

*Mandamus.* Argued November 11, 1891. Denied December 23, 1891.

Relator applied for *mandamus* to compel respondent to issue certificates to him of certain State swamp lands upon Bois Blanc island. The facts are stated in the opinion.

*S. O. Van DeMark* (*Charles C. Stewart,* of counsel), for relator.

*A. A. Ellis,* Attorney General, for respondent.

CHAMPLIN, C. J. Relator has filed his petition for a *mandamus* to compel the Commissioner of the State Land-Office to issue certificates to him of certain State swamp lands upon Bois Blanc island.

He bases his right upon the statement that such lands were, on the 1st day of October, 1889, duly advertised to be sold at public sale by the Commissioner of the State Land-Office, under section 5444 *et seq.* of Howell's Annotated Statutes; that they were offered pursuant to such notice on the 14th of November, 1889, but were not sold, and that they stood under the graduation act of 1869, in January, 1891, at the price of $4 per acre; that at this time he selected 1,100 acres of such land, and tendered the Commissioner $4 per acre, and demanded certificates, and they were refused; that the reasons given for such refusal were—

1. That on October 30, 1889, the Board of Control had adopted a resolution "that all the vacant swamp lands in the Upper Peninsula of this State be, and the same are hereby withheld from cash or homestead entry until the further order of this board."

2. That the lands had been specially appropriated by Act No. 277, Laws of 1887.

In response to our order to show cause the Commissioner of the State Land-Office has answered, setting up several reasons why he should not be compelled to issue said certificates, and, among others, that by Act No. 277, Laws of 1887, the swamp lands belonging to the State in Bois Blanc island were appropriated for the purpose of constructing a State road along or near the principal base line of said island. If this is a valid exercise of legislative power, then we think the lands so appropriated were not open to private entry to a cash purchaser. The power of the Legislature over the disposition of the swamp lands granted by the act of Congress

is plenary, and no one can call their acts in question except the Congress of the United States.

The relator contends that such act is unconstitutional and void, because not passed by a two-thirds vote of each house of the Legislature. Article 4, § 45, of the Constitution, provides that—

"The assent of two-thirds of the members elected to each house of the Legislature shall be requisite to every bill appropriating the public money or property for local or private purposes."

The relator claims that the construction of a State road is a local purpose, because its construction is for the use and benefit of a particular locality.

In 1859 an act was passed by the Legislature entitled—

"An act to provide for the drainage and reclamation of swamp lands by means of State roads and ditches."

In the preamble to this act the Legislature of the State said:

"Whereas, the act of Congress of September 28, 1850, granting to this State certain lands known as 'swamp lands,' requires said lands, or the proceeds thereof, to be applied, so far as necessary, to the purpose of reclaiming said lands; and

"Whereas, in the opinion of the Legislature, one of the most efficient means of effecting that end is the construction of roads, with proper ditches and drains, through the more unsettled parts of the State, where such lands are chiefly situated."

Therefore they enacted an act to provide for the drainage and reclamation of swamp lands by means of State roads and ditches.[1] It seems to me that it would be giving a very restrictive meaning to the language of the Constitution to hold that it applied to the property received by the State under the act of September 28, 1850. This property was received clothed with the trust

---

[1] Act No. 117, Laws of 1859.

89 MICH.—30.

that it should be devoted to certain purposes, and it can hardly be seriously contended that such property was in contemplation when the Constitution was framed and adopted. Neither does it seem to me that the construction of a State road by the State can be considered either a local or private purpose, within the meaning of the section of the Constitution quoted. This provision must be construed in connection with article 14, § 9, which reads:

"The State shall not be a party to or interested in any work of internal improvement, nor engaged in carrying on any such work, except in the expenditure of grants to the State of land or other property."

The appropriation in this case was of a grant of land to the State, and I think when the Legislature enacts a law for the express purpose of carrying into effect such grant it does not come within the provision of article 4, § 45, and it does not require a two-thirds vote of the members elected to enable the Legislature to effectuate the purposes of the grant. We must hold Act No. 277 valid, and this disposes of relator's case upon this application.

If the act were invalid, the answer shows the relator would not be entitled to purchase this land at four dollars an acre, even conceding that it was offered at public sale in 1889, which is denied by the answer. The Commissioner shows that the land was worth eight dollars an acre, and there is no law which gives any one the absolute right to purchase at the minimum price. It may be true that the law establishes a minimum price, but it implies that a greater price may be asked; and it would be a breach of official duty if the Commissioner should sell lands belonging to the State at private sale at a minimum price established by law, when he knew they were worth twice that amount.

It also appears by the answer that other parties claim an interest in such lands, derived through contracts with the State officials, who are not before the Court; and in such case we should decline to act unless the matter were brought before the Court in such a manner that the rights of all parties claiming an interest in the lands could be adjudicated upon and adjusted.

The writ must be denied.

LONG, GRANT, and MCGRATH, JJ., concurred with CHAMPLIN, C. J.

MORSE, J. The answer in this case, which must be taken as true, shows that the relator is seeking to secure State swamp lands at four dollars per acre which are worth eight dollars per acre. This alone should dispose of this application, and the writ should be denied.

I am not prepared to hold, however, with the Chief Justice, that Act No. 277, Laws of 1887, is valid. It is not necessary to do so to determine the rights of the relator. The answer of the Commissioner gives food for thought in connection with what the writer of this opinion has said in relation to swamp-land legislation in this State in *State v. Sparrow*, 89 Mich. 272. Here is an island in the Great Lakes, upon which perhaps 50 people reside in the summer time. Through an act of the Legislature and the action of the Board of Control of State Swamp Lands a State road about 13 miles in length has been constructed through the center of the island for the ostensible purpose of reclaiming these swamp lands, and all the swamp lands upon the island have been appropriated for that purpose, and selected by the contractor, except about 400 acres, which are of little or no value. In other words, the swamp lands on the island have been donated to some one for the labor of reclaiming them. The contractor gets about 4,000 acres of land, worth $32,-

000, for building a dirt road 13 miles in length. It is wisely provided in the contract that, after the road is constructed, it shall be seeded with timothy and other grasses, for the purpose probably of pasturage until a sufficient population upon the island shall in time render its use as a road necessary or desirable. If this kind of legislation and control of the State swamp lands cannot be reached by the courts, it is a public misfortune. I have never believed such legislation valid. That this is a manifest misappropriation of the grant is clear. It may be that only Congress can complain of such misappropriation, but it seems to me that the people of this State have some interest in the grant, and have a right to appeal to the courts to prevent its waste, and to insist that it shall not be diverted from the uses for which it was granted.

It is also clear to me, in such a case as this, that a two-thirds vote is necessary to grant the land. It is not for a public purpose; it is in effect a donation of the land to a private person for "reclaiming it."